UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SUSAN J. CURRAN, et al., | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| v. | )      Civil No. 06-23-B-K |
| | ) |
| THOMAS M. RICHARDSON, | ) |
| | ) |
| Defendant | ) |

**ORDER ON MOTION TO EXCLUDE
CERTAIN EXPERT TESTIMONY**

Thomas Richardson has moved to exclude from evidence opinion testimony from S. Craige Williamson, M.D., concerning Susan Curran's anticipated need for future surgeries involving the right knee and the left hip. The issue raised by this motion is whether Dr. Williamson's opinions constitute legal proof of future damages under the Maine rule that "[t]here must be evidence of the probability of surgery recommendation before the medical expert may testify about a possible need of a future operation." Michaud v. Steckino, 390 A.2d 524, 530 (Me. 1978). Having reviewed the submissions of the parties on this issue, I am satisfied that Dr. Williamson may be permitted to offer an opinion regarding an anticipated surgery on the right knee but that his opinion regarding the possibility of hip replacement surgery does not constitute "legal proof of an existing fact or of a future condition that will result." Id.

Turning first to the knee injury, Dr. Williamson is unable to state with any degree of certainty *when* exactly Ms. Curran will need knee replacement surgery, but his medical judgment is that it is more likely than not that she will require a new knee at some point in time.

(Williamson Dep. at 28:18-21, Docket No. 24, Elec. Attach. 2.)  I am satisfied that Dr. Williamson may offer this opinion regarding the need for future knee replacement surgery.

Turning to the hip replacement issue, Dr. Williamson may certainly testify as to his opinion about the condition of the hip and the nature of the injury, including any opinion he has as to the presence of post-traumatic arthritis in the hip.  However, nowhere in the record presented to me does Dr. Williamson opine that it is more likely than not that Ms. Curran will need hip replacement surgery as a consequence of her injury.  In fact, in response to a leading question from plaintiff's own counsel, Dr. Williamson opined, "No, it's not more likely than not that she'll need a hip replacement."  (Id. at 29:10-15.)  In the face of this testimony it would invite only conjecture from the factfinder were Dr. Williamson allowed to testify about the "possibility" of hip replacement surgery.

Based upon the foregoing, the motion to exclude certain expert testimony (Docket No. 24) is granted in part and Dr. Williamson's testimony regarding any future hip replacement surgery will be excluded.

*So Ordered.*
Dated October 18, 2006              /s/ Margaret J. Kravchuk
                                     U.S. Magistrate Judge